UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**
2025-0567

POWERS KIRN, LLC
ecf@powerskirn.com
Jeanette J. O'Donnell
308 Harper Drive, Suite 210
Moorestown, NJ 08057
856-802-1000
Attorney for JPMorgan Chase Bank, National Association

In Re:

Robert Tyler Colmyer

Case No.: 26-20828-EJO

Hearing Date: 12/16/2026 at 10:00 am

Judge: Honorable Eamonn J. O'Hagan

Chapter: 13

## OBJECTION TO CONFIRMATION

Robert Tyler Colmyer
421 Holly Boulevard
Bayville NJ 08721-2613

Albert Russo, Trustee
CN 4853
Trenton NJ 08650-4853

Michael I. Assad, Esquire
923 Haddonfield Road
Suite 336
Cherry Hill NJ 08002

PLEASE TAKE NOTICE that JPMorgan Chase Bank, National Association, through its attorney hereby objects to confirmation of the plan on grounds including:

1. The plan materially under estimates the pre-petition arrears claim of JPMorgan Chase Bank, National Association, which is due arrears in the approximate amount of $65,256.00. A proof of claim will be filed prior to the deadline for filing claims.

2. Debtor's plan is infeasible inasmuch as Debtor's own schedules are premised upon unrealistic and overly optimistic budgeting. The budgeting set forth on Schedule J shows surplus income over expenses of $2,913.00 The debtor is proposing to dedicate $2,900.00 per month for 60 months to fund the plan. Furthermore, the budgeting is premised upon a reduced mortgage payment as opposed to the correct monthly mortgage payment in the amount of $3,387.19. If the actual mortgage payment is taken into account, monthly net income would be -$474.19 which sum is inadequate to fund the Chapter 13 Plan. Accordingly, the plan cannot satisfy the feasibility requirement of 11 U.S.C. §1325(a)(6), and therefore, confirmation is properly denied. The debtor lacks adequate regular income to fund a plan, and therefore, the plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(6).

3. The budget in this case is predominately funded by individuals other than the debtor, and therefore, the case and plan are filed in bad faith inasmuch as the debtor lacks regular income as required by 11 U.S.C. §109(e). See *In re Porter, 276 B.R. 32, 38 (Bankr. D.Mass. 2002)* (family member's gratuitous payment to a debtor did not constitute "regular income for Chapter 13 purposes); *In re Loomis, 487 B.R. 296, 301-302 (Bankr. N.D. Okla. 2013)* (voluntary contributions from debtor's fiancee does not constitute "regular income"). Therefore, the confirmation requirements of 11 U.S.C. §1325(a)(3) and 11 U.S.C. §1325(a)(7) are not satisfied, and confirmation should be denied.

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

POWERS KIRN, LLC

/s/ Jeanette J. O'Donnell
BY: Jeanette J. O'Donnell

DATED: November 12, 2026